GUIDRY, Judge.
For the reasons assigned in the companion case of Shively et al. v. Pickens et al., 346 So.2d 1314, we conclude that the accident giving rise to this litigation was caused solely and proximately by the negligence of the defendant, State of Louisiana, through the Department of Highways. Accordingly, we affirm the trial court’s determination that the defendant is liable in damáges to the plaintiff.
In this case the trial court awarded plaintiff the principal sum of $4,559.20 for both special and general damages. The amount due as special damages was stipulated. The trial judge awarded plaintiff the sum of $3,000.00 in general damages, his injuries being described in the trial judge’s written reasons for judgment as follows:
“The evidence in this case supports and the Court finds that Whitney Charles was a 37 year old black working man when injured on September 2, 1973. As a result of the accident, he sustained a laceration of the right arm, a bruise and contusion of his nose and face, contusion of the chest, multiple abrasions and contusions of the body and a mild cerebral concussion which caused him to loose consciousness for a few minutes. The laceration on his right arm was large and required multiple stiches (sic). He sustained a nondisplaced fracture of the nose with no misalignment of the septum. He also sustained a fracture of the second anteri- or left rib. He also sustained a small occipital scalp laceration and experienced neck pain and stiffness.
Plaintiff received emergency treatment at Catahoula Hospital in Jonesville, Louisiana after which he returned to his home in Opelousas, Louisiana where he was examined and treated by Dr. Emile K. Ventre. He was an outpatient from September 4, 1973 until October 15, 1973. He returned to work on September 25, 1973 being able to do light duty without substantial interference with his work resulting from his injuries. At the time of the trial of these proceedings he claimed residual pain, disability and discomfort, particularly in reference to the large laceration on his arm and rib and neck injuries.”
Although the Highway Department does not question the quantum of this award we have reviewed same in light of the principles of appellate review of damage awards *1331 recently reiterated in Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1977) and conclude that such award should not be disturbed.
For the reasons assigned the judgment appealed from is affirmed, defendant-appellant to be taxed with such costs as are legally assessable against it under LSA-R.S. 13:4521.
AFFIRMED.